

**MURIEL GOODE-TRUFANT**
*Acting Corporation Counsel*

THE CITY OF NEW YORK
LAW DEPARTMENT
100 CHURCH STREET
NEW YORK, NY 10007

**SHEMORI CORINTHIAN**
Labor & Employment Law Division
Phone: (212) 356-4076
Email: scorinth@law.nyc.gov

June 18, 2024

**BY ECF**
Honorable Gabriel W. Gorenstein
United States Magistrate Judge
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

MEMORANDUM ENDORSED

Re: <u>United Probation Officers Association, et al. v. City of New York</u>,
21-CV-218 (RA) (GWG)

Dear Judge Gorenstein:

  I am an Assistant Corporation Counsel in the office of Muriel Goode-Trufant, Acting Corporation Counsel of the City of New York, attorney for Defendant City of New York in the above referenced action. I write to respectfully request a 45-day extension of all class certification discovery deadlines. This is Defendant's second request for an extension of these discovery deadlines. Defendants' first request was terminated when this case was referred to Your Honor. (Dkt Nos. 63, 64) Previously, the parties twice jointly moved for an extension of the class certification discovery deadlines, both of which were granted. (Dkt. Nos. 82, 85) We have inquired multiple times as to Plaintiffs' position on this request, but Plaintiffs have not clearly stated their position.

  Defendant requests this extension for several reasons. First and most importantly, the lead attorney assigned to this case, Ernst Bonaparte is leaving the Law Department today. The attorney who will replace him will need time to review the files and get up to speed on the pending discovery issues in this case.

  Indeed, another reason for this request is that, despite diligent efforts, there remains outstanding document discovery and depositions that still need to be scheduled and completed. The additional time is also needed because there are multiple discovery disputes, including those raised in Plaintiffs' June 17 deficiency letter, that have arisen between the parties that they are trying to resolve without the need for Court intervention.

In light of the reasons identified above, Defendant proposes a 45-day extension of the following class-certification deadlines:

| Deadline | Current | Proposed |
|---|---|---|
| Document Production for Class Certification | June 21, 2024 | August 5, 2024 |
| Depositions for Class Certification | July 22, 2024 | September 5, 2024 |
| Plaintiffs' Expert Reports for Class Certification | August 22, 2024 | October 7, 2024 |
| Defendants' Expert Reports for Class Certification | September 20, 2024 | November 4, 2024 |
| Depositions of Experts for Class Certification | October 10, 2024 | November 25, 2024 |
| Plaintiffs' motion for Class Certification | December 17, 2024 | January 31, 2025 |

Accordingly, Defendant respectfully requests that the Court extend the deadlines for class certification discovery by 45-days as proposed herein.

Respectfully,

/s/
Shemori Corinthian
Assistant Corporation Counsel

cc: All counsel of record (via ECF)

The application for an extension is denied at this time without prejudice to a new application following the resolution of the discovery disputes raised in Docket ## 87 & 88.

Ms. Corinthian is directed to file a letter immediately giving the name, phone number and email address of the person she refers to in this letter as "the attorney who will replace" Mr. Bonaparte.  That person shall separately file a notice of appearance by such date.   If the attorney referred to by Ms. Corinthian has not been identified, a sworn affidavit shall be filed by June 21, 2024, by the Chief of the Labor and Employment Division indicating why this attorney has not been identified . (If Ms Corinthian is referring to herself in the quoted language, she shall file a letter by June 21, 2024, explaining  why she referred to herself in the third person and why she needs any time to familiarize herself with this case.)

In the meantime, because Ms. Corinthian filed a notice of appearance in this matter more than six weeks ago, she is expected to be fully versed on this case and she shall contact plaintiffs' counsel immediately to discuss the plaintiffs' outstanding discovery disputes at length in an attempt to resolve them.

The application in Docket # 87 is denied without prejudice to a new application complaint with paragraph 2.A of the Court's Individual Practices.

So Ordered.

_____
GABRIEL W. GORENSTEIN
United States Magistrate Judge
June 20, 2024

2