

**MURIEL GOODE-TRUFANT**
*Acting Corporation Counsel*

THE CITY OF NEW YORK
LAW DEPARTMENT
100 CHURCH STREET
NEW YORK, NY 10007

**Hyatt M. Howard**
Labor & Employment Law Division
Phone: (212) 356-2450
Email: hyhoward@law.nyc.gov

June 21, 2024

**BY ECF**
Honorable Gabriel W. Gorenstein
United States Magistrate Judge
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

Re:   United Probation Officers Association, et al. v. City of New York,
      21-CV-218 (RA) (GWG)

Dear Judge Gorenstein:

      I am an Assistant Corporation Counsel in the office of Muriel Goode-Trufant, Acting Corporation Counsel of the City of New York, attorney for Defendant City of New York in the above referenced action. I write in response to the Court's June 20, 2024 order. (Dkt. No. 88)

      In its June 20 order, the Court directed Defendant to "contact plaintiffs' counsel immediately to discuss the plaintiffs' outstanding discovery requests" and "to file a letter immediately giving the name, phone number, and email address of . . . the attorney who will replace Mr. Bonaparte." (*Id.*) (internal quotation marks omitted).

      In compliance with the June 20 order, Defendant has contacted Plaintiffs' counsel to meet and confer about the parties' outstanding discovery issues.

      I identify myself as the lead counsel to replace Mr. Bonaparte.[1] I am a supervisor in our office's Labor and Employment Division, and I have been assigned to supervise this case. My email address is hyhoward@law.nyc.gov and my phone number is 212-356-2450.

---

[1] Although Mr. Bonaparte has since extended the date of his departure from our office until June 27, to ensure that there is a lead attorney assigned to this case and to comply with the June 20 order, our office has taken the interim measure of assigning me as lead counsel here.

My assumption of the lead counsel duties is temporary. On June 24, our office will assign a new lead attorney to this case. June 24 is when the attorney joins our division. No later than June 25, this attorney will file a notice of appearance here.

Along with the above, another issue is critical for the Court to be made aware of: Plaintiffs' June 18 letter is materially incomplete concerning the parties' efforts to resolve their disputes short of court intervention. Defendant supplements and corrects that record here.

On April 22, Plaintiffs served Defendant a deficiency letter.

On May 3, in an eight-page letter, Defendant responded to the Plaintiffs' April 22 deficiency letter. (Ex. A) Defendant also responded and objected to Plaintiffs' deposition notices. Plaintiff had noticed depositions for eight fact witness—many of whom who had no personal knowledge of the events relevant to this lawsuit—and twenty 30(b)(6) topics that were, among other things, overly broad and not relevant to class certification. That same day, Defendant made a document production.

On May 31, the parties met and conferred about the objections in Defendant's May 3 letter. Disputes between the parties remained.

On June 17, at 4:30pm in the afternoon, counsel for parties met and conferred about Defendant's request to extend the class certification discovery deadlines. Before that call, Defendant had advised Plaintiff that additional time would be needed for discovery. In the call, Defendant explained its reasons for the extension and asked for Plaintiffs' position on the request. Plaintiffs did not state their position to the request in the call and asked for Defendant to follow up in email. Defendant did so that evening.

After the June 17 meet and confer, at 9:26pm, Plaintiff served on Defendant another deficiency letter. In the letter, Plaintiffs asked "when [they] can expect the remaining discovery outlined in [their] April 22, 2024 deficiency letter." (Dkt. No. 88-1) (Nowhere does that letter mention Defendant's May 3 letter or even the parties' May 31 meet and confer.) The June 17 letter also seeks Defendant to produce documents and raises questions about Defendant's past document production.

They very next morning, on June 18, counsel for Defendant responded to Plaintiffs' June 17 email in which Plaintiffs had attached their deficiency letter. Defendant advised Plaintiffs that it was in receipt of the correspondence and that Defendant would respond accordingly.

Later, that same day, Defendant again asked Plaintiffs' position on their request to extend the class certification discovery deadlines. Defendant again explained its reasoning for its request, including the pending discovery disputes between the parties. In Plaintiffs' response to Defendant, Plaintiffs' counsel represented that Plaintiffs had "no idea" of any discovery dispute between the parties, despite serving their June 17 deficiency letter on Defendant less than 24 hours before. That same representation was repeated in Plaintiffs' June 18 letter to this Court when

2

Plaintiffs stated that they "only learned today that Defendant believes there are 'discovery disputes.'" (Dkt. No. 87)

Defendant has and will continue to abide by its discovery obligations in this case. In that regard, Defendant has endeavored to work in a collaborative and collegial manner to resolve disputes between the parties without Court invention. It will continue to do so. But, as this Court knows, for those efforts to be successful, they must be reciprocated and, critically, when presented to this Court for adjudication, accurately reflected—which Plaintiffs' latest correspondence failed to do.

We thank the Court for its attention to this matter.

Respectfully,

/s/
Hyatt M. Howard
Assistant Corporation Counsel

cc: All counsel of record (via ECF)

# EXHIBIT A



| | THE CITY OF NEW YORK | |
|---|---|---|
| **HON SYLVIA O. HINDS-RADIX** <br> *Corporation Counsel* | **LAW DEPARTMENT** <br> 100 CHURCH STREET <br> NEW YORK, NY 10007 | **ERNST BONAPARTE** <br> *Assistant Corporation Counsel* <br> Labor & Employment Law Division <br> phone: 212-356-4389 <br> ebonapar@law.nyc.gov |

May 3, 2024

**VIA ELECTRONIC MAIL**
Yetta Kurland
The Kurland Group
85 Broad Street, 28th Floor
New York, NY 10004

      Re:    <u>UPOA, et. al. v. City of New York</u>
               Civil Action No.: 21-CV-00218 (RA)(GWG)

Dear Counsel:

     I write in response to Plaintiffs' April 22, 2024, deficiency letter and in response to Plaintiffs' Notice of a Rule 30(b)(6) Deposition seeking testimony on multiple subject areas, dated March 20, 2024, and to Plaintiffs' Notice of Depositions for fact witnesses, dated April 12, 2024, to which Defendant responds and objects as set forth below. Pursuant to Rule 37 of the Federal Rules of Civil Procedure, this letter is written in a good faith attempt to resolve any discovery disputes without requiring the Court's intervention.

          **A. Plaintiffs' April 22, 2024 Deficiency Letter**

     1. With regard to item number one referencing the "universe" of police personnel, Defendant interprets this as the request during an earlier meet and confer for a roster of officers at the NYPD in the titles of Police Officer, Sergeant, Lieutenant, and Captain as of December 31, 2018; December 31, 2019; and December 31, 2019. This information is not readily available and has to be created by NYPD personnel who also serve as uniform members of service. This Office is continuing to urge the Department to provide this information to the Law Department for the purposes requested; however, Defendant notes that this is only to serve as a cross-reference for responsive data already provided.

     2. With regard to item number two referencing the overtime data at the NYPD and DOC for 2018, 2019, and 2020; please refer to Defendant's Second Supplemental Responses and Objections to Plaintiffs' Combined Demands provided May 3, 2024 in satisfaction of this item.

3. With regard to item number three referencing responses to the interrogatories, please refer to Defendant's Supplemental Responses and Objections to Plaintiffs' Combined Demands provided April 17, 2024. The responses provided resolve Interrogatories Nos. 1, 2, 3, 5, 6, 7, 8, 9, and 10. This Office is continuing to collaborate with the NYPD and DOC to provide accurate responses to Interrogatory No. 4 which requests "…the names and job titles (or former job titles) of the individual(s) responsible for overseeing the determinations regarding budget allocation in the proposed budgets" at the respective agencies.

4. With regard to item number four referencing "the information discussed regarding the promotions… [including] the DCAS lists for the years in question," Defendant interprets this as a request for a guide or explanation to the DCAS spreadsheets provided to Plaintiff on the promotion to Supervising Probation Officer (Examination Numbers 5540 and 0527). This Office is open to answering specific questions or arranging a meeting with DCAS agency personnel to answer questions regarding those lists at an agreed upon time.

In addition, please refer to Defendant's Second Supplemental Responses and Objections to Plaintiffs' Combined Demands provided May 3, 2024, for updated responses and objections the Plaintiffs' July 18, 2023 Combined Demands. It is the understanding of this Office from earlier meet and confers that Plaintiffs were no longer requesting any more items from their October 10, 2023 Requests for Production, and the July 2023 Combined Demands would control.

### B. Plaintiffs' March 20, 2024, Notice of a Rule 30(b)(6) Deposition

<u>First Subject Matter</u>

Defendant objects to the First Subject Matter as vague and ambiguous with respect to the phrases "the policies, processes, and practices" by which "pay rates," are determined for the subject titles. Defendant further objects to the First Subject Matter as patently not reasonably particularized. See <u>DDK Hotels, LLC v. Williams-Sonoma, Inc.</u>, No. 19-226, 2022 US Dist. LEXIS 126008, at *5 (E.D.N.Y. Feb. 11, 2022) ("In reviewing a Rule 30(b)(6) notice of deposition, the Court considers whether the topics are proportional to the needs of the case, not unduly burdensome or duplicative, and described with 'reasonable particularity.' 'Reasonable particularity' means that the noticing party must describe the noticed topics with 'painstaking specificity' as to subject areas that are relevant to the dispute at issue.") (quotation and citation omitted).

Consistent with and without waiving the foregoing general and specific objections, and construing this request as seeking testimony regarding (1) the collective bargaining process including how pay rates and benefits are determined in coordination with any budget constraints and the city agency; (2) the discretion of agencies to appoint employees at, below, or above the negotiated rates; (3) the difference and determination of civilian pattern bargaining versus uniform pattern bargaining; and (4) the basis of for bargaining civilian pattern wage increases for the UPOA members versus uniform pattern wage increases; Defendant will produce Daniel Pollak, Deputy Director of the New York City Office of Labor Relations.

<u>Second Subject Matter</u>

Defendant objects to the Second Subject Matter as vague and ambiguous with respect to the phrases "the policies, processes, and practices" by which "pay increases," are determined for the subject titles. Defendant further objects to the Second Subject Matter as patently not reasonably particularized. See DDK Hotels, LLC, 2022 US Dist. LEXIS 126008 at *5.

Consistent with and without waiving the foregoing general and specific objections, and construing this request as seeking testimony regarding (1) the collective bargaining process including how pay rates and benefits are determined in coordination with any budget constraints and the city agency; (2) the discretion of agencies to appoint employees at, below, or above the negotiated rates; (3) the difference and determination of civilian pattern bargaining versus uniform pattern bargaining; and (4) the basis of for bargaining civilian pattern wage increases for the UPOA members versus uniform pattern wage increases; Defendant will produce Daniel Pollak, Deputy Director of the New York City Office of Labor Relations.

### Third Subject Matter

Defendant objects to the Third Subject Matter as vague and ambiguous with respect to the phrases "the policies, processes, and practices" by which "benefits," are determined for the subject titles. Defendant further objects to the Third Subject Matter as patently not reasonably particularized. See DDK Hotels, LLC, 2022 US Dist. LEXIS 126008 at *5.

Consistent with and without waiving the foregoing general and specific objections, and construing this request as seeking testimony regarding (1) the collective bargaining process including how pay rates and benefits are determined in coordination with any budget constraints and the city agency; (2) the discretion of agencies to appoint employees at, below, or above the negotiated rates; (3) the difference and determination of civilian pattern bargaining versus uniform pattern bargaining; and (4) the basis of for bargaining civilian pattern wage increases for the UPOA members versus uniform pattern wage increases; Defendant will produce Daniel Pollak, Deputy Director of the New York City Office of Labor Relations.

### Fourth Subject Matter

Defendant objects to the Fourth Subject Matter as vague and ambiguous with respect to the phrases "the policies, processes, and practices," and "determination" for the subject titles. Defendant further objects to the Third Subject Matter as patently not reasonably particularized. See DDK Hotels, LLC, 2022 US Dist. LEXIS 126008 at *5.

Construing and limiting this request to seek testimony with respect to policies relating to defendant's time and leave policies applicable to individuals working in the subject titles, Defendant will produce Deputy Commissioner Andrea McGill with respect to the time and leave policies applicable to Probation Officer and Supervising Probation Officer.

Defendant will produce a witness to testify to this matter for titles relating to the NYPD and DOC.

### Fifth Subject Matter

Defendant objects to the Fifth Subject Matter as vague and ambiguous with respect to the phrase "implementation" and "determination" and duplicative of the Fourth Subject Matter.

Construing and limiting this request to seek testimony with respect to policies relating to defendant's time and leave policies applicable to individuals working in the subject titles, Defendant will produce Deputy Commissioner Andrea McGill with respect to the time and leave policies applicable to Probation Officer and Supervising Probation Officer.

Defendant will produce a witness to testify to this matter for titles relating to the NYPD and DOC.

<u>Sixth Subject Matter</u>

Defendant objects to the Sixth Subject Matter as vague and ambiguous with respect to the phrases "preparation," "determination," "allocation," "budget," "formulating," "approving proposed budgets," "oversight," "administration," "decision-making" and "employees compensation," unduly burdensome, overly broad, and is disproportionate to the needs of the case.

<u>Seventh Subject Matter</u>

Defendant objects to the Seventh Subject Matter as vague and ambiguous with respect to the phrases "treat" and "uniform officers." Defendant further objects to the Third Subject Matter as patently not reasonably particularized. See <u>DDK Hotels, LLC</u>, 2022 US Dist. LEXIS 126008 at *5.

Consistent with and without waiving the foregoing general and specific objections, and construing this request as seeking testimony regarding (1) the collective bargaining process including how pay rates and benefits are determined in coordination with any budget constraints and the city agency; (2) the discretion of agencies to appoint employees at, below, or above the negotiated rates; (3) the difference and determination of civilian pattern bargaining versus uniform pattern bargaining; and (4) the basis of for bargaining civilian pattern wage increases for the UPOA members versus uniform pattern wage increases; Defendant will produce Daniel Pollak, Deputy Director of the New York City Office of Labor Relations.

<u>Eighth Subject Matter</u>

Defendant objects to the Eighth Subject matter as vague and ambiguous with respect to the phrase "compensation analyses" and assumes facts not admitted or in evidence.

Consistent with and without waiving the foregoing general and specific objections, and construing this request as seeking testimony regarding the role of DCAS in the development and contents of the job analysis reports for the subject titles, Defendant will produce Robert Alexander, Assistant Commissioner, Human Capital, Bureau of Examinations & Investigations.

<u>Ninth Subject Matter</u>

Defendant objects to the Ninth Subject matter as vague and ambiguous with respect to the phrase "tasks and standards."

Consistent with and without waiving the foregoing general and specific objections, and construing this request as seeking testimony regarding the role that tasks and standards for civil service titles serve when DCAS creates notices of examinations and job analyses for civil service titles, Defendant will produce Robert Alexander, Assistant Commissioner, Human Capital, Bureau of Examinations & Investigations.

Tenth Subject Matter

Defendant objects to the Tenth Subject matter as vague and ambiguous with respect to the phrase "working conditions."

Defendant further objects to the Second Subject Matter as patently not reasonably particularized.  See DDK Hotels, LLC, 2022 US Dist. LEXIS 126008 at *5.

Eleventh Subject Matter

Defendant objects to the Eleventh Subject Matter as vague and ambiguous with respect to the phrase "recordkeeping."  Defendant further objects to the Eleventh Subject Matter as not relevant to Plaintiffs' anticipated motion for class certification or underlying claims.

Twelfth Subject Matter

Defendant objects to the Twelfth Subject Matter in that it is vague and ambiguous in its reference to the term "training," "experience," "education," and "required for employment," and is overly broad with respect to time in that does not specify a time period.

Consistent with and without waiving the foregoing general and specific objections, and construing this request as seeking testimony regarding the role of DCAS in formulating the minimum qualification requirements for appointment to the subject civil service titles, Defendant will produce Robert Alexander, Assistant Commissioner, Human Capital, Bureau of Examinations & Investigations.

Thirteenth Subject Matter

Defendant objects to the Thirteenth Subject Matter as vague and ambiguous with respect to the phrases "the policies, processes, and practices," "govern," "pay," "promotions," "following employees," "sections of any Operating Manuals regarding salary and promotions," "individual orders," "other addendums," "written modifications," and "operating manuals regarding salary and promotions."

Consistent with and without waiving the foregoing general and specific objections, and construing this request as seeking testimony regarding (1) the collective bargaining process including how pay rates and benefits are determined in coordination with any budget constraints and the city agency; (2) the discretion of agencies to appoint employees at, below, or above the negotiated rates; (3) the difference and determination of civilian pattern bargaining versus uniform pattern bargaining; and (4) the basis of for bargaining civilian pattern wage increases for the UPOA members versus uniform pattern wage increases; Defendant will produce Daniel Pollak, Deputy Director of the New York City Office of Labor Relations.

Fourteenth Subject Matter

Defendant objects to the Fourteenth Subject Matter as vague and ambiguous with respect to the phrases "the policies, processes, and practices," "announced," and "advertised," and assumes facts not admitted or in evidence.

Consistent with and without waiving the foregoing general and specific objections, and construing this request as seeking testimony regarding the role of DCAS in publishing or announcing examination notices for the subject titles, Defendant will produce Robert Alexander, Assistant Commissioner, Human Capital, Bureau of Examinations & Investigations.

Fifteenth Subject Matter

Defendant objects to the Fifteenth Subject Matter as vague and ambiguous with respect to the phrase "policies, process, and practices."

Construing and limiting this request as seeking testimony regarding the selection of eligible passers for promotion by the DOP from a civil service list for Supervising Probation Officer certified to the agency, Defendant will produce Deputy Commissioner Andrea McGill.

Sixteenth Subject Matter

Defendant objects to the Sixteenth Subject Matter as vague and ambiguous with respect to the phrase "cease employment in or promotion to" and assumes facts not admitted or in evidence.

Consistent with and without waiving the foregoing general and specific objections, and construing this request as seeking testimony regarding the role of DCAS in the elimination of the civil service title of Senior Probation Officer, Defendant will produce Robert Alexander, Assistant Commissioner, Human Capital, Bureau of Examinations & Investigations.

Seventeenth Subject Matter

Defendant objects to the Seventeenth Subject Matter as vague and ambiguous with respect to the phrases "process," "any changes in Civil Service policy," assumes facts not admitted or in evidence, and refers to an entity not applicable in the instant action.

Consistent with and without waiving the foregoing general and specific objections, and construing this request as seeking testimony regarding the civil service law, Defendant refers Plaintiffs to the cited laws.

Eighteenth Subject Matter

Defendant objects to the Eighteenth Subject Matter as vague and ambiguous with respect to the phrase "recordkeeping," "complaints regarding DOP's pay and promotional processes," and "elsewhere." Defendant further objects to the Eighteenth Subject Matter as not relevant to Plaintiffs' anticipated motion for class certification or underlying claims.

Construing and limiting this request as seeking testimony regarding the process for filing an internal complaint of discrimination within the DOP, Defendant will produce Deputy Commissioner Andrea McGill.

Nineteenth Subject Matter

Defendant objects to the Nineteenth Subject Matter as vague and ambiguous with respect to the phrase "established" and "enforced." Defendant further objects to the Nineteenth Subject Matter as not relevant to Plaintiffs' anticipated motion for class certification or underlying claims.

Construing and limiting this request as seeking testimony regarding DOP's process for investigating internal complaints of discrimination, Defendant will produce Deputy Commissioner Andrea McGill.

Twentieth Subject Matter

Defendant objects to the Twentieth Subject Matter as vague and ambiguous with respect to the phrase "remedy," "implicit bias," "subjectivity," "complained of," "policies, processes, and practices," and "decisions," and assumes facts not admitted or in evidence. Defendant further objects to the Twentieth Subject Matter as not relevant to Plaintiffs' anticipated motion for class certification.

**C. Plaintiffs' Notice of Depositions for Fact Witnesses**

Defendant objects to the following fact witnesses:

**Juanita Holmes**, Commissioner of DOP: The Commissioner of DOP was appointed to the Department in March 2023 and served as a Chief of the NYPD prior to this date. Commissioner Holmes does not have any personal knowledge of Plaintiffs' claims of gender and race discrimination prior to 2021. Furthermore, Defendant is producing Deputy Commissioner Andrea McGill as a Rule 30(b)(6) witness. Defendant has already identified former Deputy Commissioner of DOP, Michael Forte as an appropriate fact witness during the relevant period.

**Andrea McGill**, Deputy Commissioner of DOP: Deputy Commissioner McGill began serving in the post in October 2023 and was at a different agency during the relevant period. Furthermore, Defendant has already identified former Deputy Commissioner of DOP, Michael Forte as an appropriate fact witness during the relevant period.

**Renee Campion**, Commissioner of the NYC Office of Labor Relations: Deputy Commissioner Daniel Pollak has already agreed to serve as a Rule 30(b)(6) witness. Deputy Commissioner Daniel Pollak is also an appropriate fact witness during the relevant period.

**Chief John Benoit**, Chief of Personnel: Chief Benoit is a three-star chief with the NYPD. "[E]xecutives are 'safeguarded' from depositions unless they have 'unique evidence, personal knowledge of the claims at issue or other witnesses are incapable of providing testimony about the conduct alleged.'" Shiber v. Centerview Partners LLC, No. 21-cv-3649 (ER), 2023 U.S. Dist. LEXIS 72297 (S.D.N.Y. Apr. 25, 2023). It is unclear at this point what connection he has to any

claims or facts during the relevant period or how any testimony from Chief Benoit will be relevant for a motion for class certification.

**Mala Srinivasan**, Deputy Commissioner of DOC: It is also unclear at this point what connection Deputy Commissioner Srinivasan has to any claims or facts during the relevant period or how any testimony will be relevant for a motion for class certification. Defendant further argues that Deputy Commissioner Srinivasan is safeguarded from deposition unless it is established they have personal knowledge of the claims at issue. Shiber, 2023 U.S. Dist. LEXIS 72297.

**Ronald Edwards**, Deputy Commissioner of DOC: It is also unclear at this point what connection Deputy Commissioner Edwards has to any claims or facts during the relevant period or how any testimony will be relevant for a motion for class certification. Defendant further argues that Deputy Commissioner Edwards is safeguarded from deposition unless it is established they have personal knowledge of the claims at issue. Shiber, 2023 U.S. Dist. LEXIS 72297.

        Respectfully Submitted,
        /s/
        Ernst Bonaparte
        Assistant Corporation Counsel

CC: All Parties Via ECF