UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
UNITED PROBATION OFFICERS
ASSOCIATION, *individually and on behalf of its members,* JEAN BROWN, TANGA JOHNSON, TARA SMITH, EMMA STOVALL, and CATHY WASHINGTON*, on behalf of themselves and all other similarly-situated individuals,*

                Plaintiffs,

     -v.-

CITY OF NEW YORK,

                Defendant.
-----------------------------------------------------------------x

ORDER

21 cv. 218 (RA) (GWG)

**GABRIEL W. GORENSTEIN, United States Magistrate Judge:**

      Before the Court are the parties' letters related to plaintiffs' discovery application.  See Letter, filed July 3, 2024 (Docket # 97) ("Pl. Letter"); Letter, filed July 9, 2024 (Docket # 98) ("Def. Letter"); Letter, filed July 10, 2024 (Docket # 99) ("Pl. Reply").  The Court is not convinced that the parties have meaningfully met and conferred in an attempt to resolve the disputes prior to seeking Court intervention.  See Individual Practices ¶ 2.A.  The disputes regarding depositions and the remaining document production would obviously benefit from further discussion. [1]

      That being said, simply asking the parties to confer again may not be sufficient since the defendant's letter conveys to the Court that the defendant is neither acting with sufficient urgency in responding to requests to confer nor providing plaintiffs with its position in full.  Accordingly, the request for relief is denied without prejudice to a future application compliant

---

[1] For example, plaintiffs indicate in their letter that "[t]o date Defendant has produced approximately 62 documents . . . ."  Pl. Letter at 1.  But defendant explains in its letter that on July 2nd and 3rd, the day plaintiffs filed their letter and the day preceding the filing, defendant "produced more than 3,000 pages" of documents.  Def. Letter at 1.  Plaintiffs do not meaningfully respond to this vastly different account in their letter; instead, plaintiffs concede that they "did not review the second tranche of documents produced on July 3, 2024."  Pl. Reply at 1 n.1.  This differing account of the number of documents produced not only raises the prospect that some of the requested relief is now moot, but it also shows that the parties' meet and confer — which occurred prior to this production on July 1, 2024, see Pl. Letter at 1 — did not involve a discussion of the situation as it currently stands.  Indeed, in plaintiffs' reply letter, counsel cites an email that was purportedly "ignored" by defendant, which related to some of the relief sought by plaintiffs.  See Exhibit C to Pl. Reply.  However, this email was sent two days after the parties' meet and confer and the day plaintiffs filed their letter.

with paragraph 2.A of the Court's Individual Practices, except that the Court orders the defendant to take the following actions:

1. Provide by July 15, 2024, possible deposition dates for all fact witnesses whose deposition has been noticed as to whom defendants make no objection;

2. Provide by July 15, 2024, for each remaining fact witness a written explanation of the reason why the defendant objects to producing that witness;

3. Confer by July 17, 2024, as to all objections to any Rule 30(b)(6) notices so that plaintiffs are fully apprised of the objections defendant is making. Defendant shall also provide by July 19, 2024, dates for any Rule 30(b)(6) depositions as to which there are no objections; and

4. Confer with plaintiffs' counsel regarding any other outstanding discovery issues — including those related to document production — as soon as possible and no later than July 18, 2024. As to this discussion: (1) to the extent the participation of a person with expertise or specialized knowledge is required for the defendant to intelligently state its position, such persons shall attend the conference; (2) more specifically, as to the discussion regarding demographic data, defendant must arrange for the participation of the person with personal knowledge as to the preparation of the demographic data; and (3) the defendant must either give a date on which it will complete all document production or provide a detailed explanation of why it is unable to do so. The Court notes that there must be a firm date to complete document production and if agreement cannot be reached, the Court will set the date.

The above deadlines may be changed by mutual agreement and without Court Order.

SO ORDERED.

Dated: July 11, 2024
       New York, New York

_____
GABRIEL W. GORENSTEIN
United States Magistrate Judge