UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
                                                            :
UNITED PROBATION OFFICERS                                   :
ASSOCIATION et al.,                                         :
                                                            :
       Plaintiffs,                                  :    ORDER
                                                            :
    -v.-                                                  :
                                                                 21 Civ. 218 (RA) (GWG)
                                                            :
CITY OF NEW YORK et al.,                                    :
                                                            :
       Defendants.                                  :
------------------------------------------------------------x

GABRIEL W. GORENSTEIN, UNITED STATES MAGISTRATE JUDGE

      With regard to Docket ## 162 and 163, the defendants are correct that the Court never "instructed" defendants to "confirm whether they are refusing to produce a 30(b)(6) witness," as plaintiffs assert. Instead, the Court instructed plaintiffs that they could either work cooperatively to arrange for a 30(b)(6) deposition or seek a preclusive sanction under Rule 37 for any past failures, with no further opportunity to obtain 30(b)(6) testimony.

      Defendants are incorrect, however, in asserting that the Court required plaintiffs to serve a new Rule 30(b)(6) notice. That being said, the Court certainly believes it would be far more efficient if plaintiffs narrowed their topics given the breadth of the last notice. But if plaintiffs choose not to do so, the Court will not intervene, as the real work of the parties must occur at the Court-ordered meet-and-confer.

      By December 5, 2024, the plaintiffs should either serve a revised and narrowed notice (or notices, inasmuch as it became clear at the conference that plaintiffs served notices involving both the Department of Probation and other agencies), or re-serve the existing notices.

      The parties shall immediately schedule a meet and confer to take place on or before December 12, 2024.[1] The parties should allow a time slot of at least 2 hours for this conference. The Court expects the parties to work through each topic cooperatively to determine what are realistic and answerable topics for the deposition with the goal of reaching an agreement as to each topic, whether the topic be eliminated, narrowed, or remain as is.

      In undergoing this process, plaintiffs must recognize the significant burden involved in educating a witness as to matters that respond to broad topics and to understand that the Court will not require the defendants to be unduly burdened. Defendants must recognize the plaintiffs' legitimate need for factual material relevant to class certification issues.

---

[1] The parties have leave to alter the deadlines in this Order by mutual agreement.

SO ORDERED.

Dated: December 3, 2024
       New York, New York

_____
GABRIEL W. GORENSTEIN
United States Magistrate Judge