UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
                                                                 :
UNITED PROBATION OFFICERS
ASSOCIATION et al.,                                              :

                    Plaintiffs,                                 :        ORDER

               -v.-                                             :
                                                                         21 Civ. 218 (RA) (GWG)
                                                                :
CITY OF NEW YORK et al.,
                                                                :
                    Defendants.
-----------------------------------------------------------------x

GABRIEL W. GORENSTEIN, UNITED STATES MAGISTRATE JUDGE

       Before the Court are defendant City of New York's letter seeking a protective order with
regard to plaintiffs' requests for admission (Docket # 222) and plaintiffs' response (Docket
# 224).

       Plaintiffs assert that defendant cannot obtain a protective order because defendant has not
shown that it meets the categories listed in the third sentence of Fed. R. Civ. P. 26(c)(1).
However, case law reflects that a court is permitted to grant a "protective order" to limit a party's
obligation to respond to requests for admission that are untimely or suffer other defects unrelated
to the categories listed in Rule 26(c)(1).  See, e.g., Millenium Expressions, Inc. v. Chauss Mktg.,
Ltd., 2003 WL 22853043, at *1 (S.D.N.Y. Nov. 7, 2003).  In any event, defendant's letter is
sufficient to reflect that it is making objections to plaintiffs' requests under Fed. R. Civ. P.
36(a)(5) and the Court has the power to rule on those objections, which we now address.

       As the Court made clear (see Docket # 148), the next step in this case following the
disposition of the sanctions motion was to set a deadline for the filing of the class certification
motion.  Thus, when the Court ordered in July 2025 that there would be "no further discovery" if
a sanctions motion were filed (Docket # 209), it did not intend to permits requests for admission,
though it recognizes now that the word "discovery" is ambiguous.  Nonetheless, as should have
been obvious to plaintiffs, the Court certainly did not intend to delay briefing of the anticipated
class certification motion to allow plaintiffs to obtain admissions.[1]  And nothing prevented

_____

       [1]  That the Court would not permit an indefinite period to elapse between its ruling on the
sanctions motion and the filing of plaintiffs' class certification motion was further demonstrated
by the fact that the previous class certification deadline was set less than three weeks after the
close of class discovery.  See Docket # 143.

plaintiffs from serving those requests before they filed their sanctions motion.[1]

Because the parties never proposed deadlines for the filing of the class certification motion (see Docket #148), the Court ultimately set the deadline for that motion as March 6, 2026 (see Docket # 220), nearly eight weeks after the disposition of the sanctions motion.  That deadline has now been extended at plaintiffs' request to March 27, 2026 (Docket # 226).  Given the age of this case, there is no reason to extend that deadline further, and to do so would violate the mandate of Fed. R. Civ. P. 1.  Certainly, plaintiffs' desire to wait for a ruling on objections to their requests for admission and ultimately obtain admissions before filing the class certification motion does not constitute "good cause" for extending the March 27 deadline under Fed. R. Civ. P. 6(b).

Inasmuch as the Court will not extend the class certification deadline any further, there is a fundamental practical problem even were we to accept arguendo that Docket # 209 did not prevent service of requests for admission and that plaintiff did not unduly delay in making those requests.  The purpose of those requests is, as plaintiffs themselves recognize (see Docket # 224 at 2), to allow a streamlined presentation at trial or during motion practice.  But even if we ruled on defendants' objections today, the Court would still allow defendant at least 30 days to respond to any requests that were sustained.  Thus, the practical consequence of plaintiffs' belated service of their requests is that any responses would not occur in time for plaintiffs to use them in briefing the class certification motion.

Further, the Court is doubtful that defendant's responses to any non-objectionable requests would streamline the class certification motion anyway.  For example, to the extent plaintiffs' requests seek to determine if certain documents produced by defendant are "accurate," any denial by defendant as to accuracy in some respect would be unlikely to deter plaintiffs from using the documents as part of their motion given that defendant produced the documents.

---

[1]  Assuming, arguendo, plaintiffs could be excused for refraining from serving those requests because they thought the disposition of the sanctions motion would affect the content of those requests, the sanctions motion was decided on January 12, 2026 (Docket # 219).  Yet plaintiffs waited nearly four weeks, until February 5, 2026, to serve their requests for admission (see Docket # 222 at 3).

Accordingly, defendant's application (Docket # 222) is granted.  Defendant is not required to respond to the requests for admission.  Obviously, this ruling shall not be construed to address any requests for admission that may be served on defendant as part of merits discovery following disposition of the motion for class certification.

SO ORDERED.

Dated: February 26, 2026
New York, New York

_____
GABRIEL W. GORENSTEIN
United States Magistrate Judge